Dale J. Park (SBN 136158)
LAW OFFICES OF DALE J. PARK
3333 Wilshire Boulevard, Suite 320
Los Angeles, CA 90010

TEL (213) 389-5900
FAX (213) 383-7758
EMAIL: daleparklawyer@gmail.com

Attorneys for Plaintiff
ELAN KIM

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA—LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>ELAN KIM<br><br>Debtor,<br><br>ELAN KIM<br><br>Plaintiff,<br><br>vs.<br><br>WON IL KIM, an individual; YOHAN LEE, an individual; JAKE Y. JUNG, an individual<br><br>Defendants. | Case No. 2:18-bk-18263-BB<br><br>Adversary No.<br><br>COMPLAINT FOR<br>   (1) CLAIMSFOR VIOLATION OF<br>       AUTOMATIC STAY<br>   (2) DECLARATORY RELIEF |

Plaintiff alleges as follows:

1. This court has jurisdiction under 11. U.S.C. Section 524 and 28 U.S.C. Sections 1334 and 2001. This adversary proceeding relates to the above-referenced case under Chapter 7 bankruptcy of the Bankruptcy Code filed in the United States Bankruptcy Court for the Central District of California, Los Angeles division. This is a core proceeding under 28 U.S.C. Section 157. Venue is proper in the Central

1

District of California in that a substantial part of the events, acts, or omissions giving rise to this adversary proceeding occurred in this District.

2. On August 15, 2018, Debtor Elan Kim filed a petition in this court for relief under Chapter 7 of the Bankruptcy Code (Case No. 2:18-bk-18263-BB).

3. Defendant Won Il Kim is duly scheduled as a creditor in debtor's schedules, with proper notice provided to said creditor and his attorneys of record Yohan Lee and Jake Y. Jung. While the bankruptcy proceeding was still pending, despite actual knowledge of the debtor's Bankruptcy, defendants and each of them violated the automatic stay by filing a state court action on October 23, 2018, defendants and each of them commenced a state court action against Elan Kim together with other individuals who are non-parties to the bankruptcy proceeding. Plaintiff alleges on information and belief, that defendants have engaged in additional acts of violation of the automatic stay not set forth herein.

4. Defendant, Yohan Lee, is a lawyer licensed to practice law in the State of California with his offices located in Buena Park, Orange County, California.

5. Defendant, Jake Y. Jung, is a lawyer licensed to practice law in the State of California with his offices located in Buena Park, Orange County, California.

6. Each of the defendants is and, at all times mentioned herein, was employees and/or agents of each and every other defendant, and each was acting within the purpose, course, and scope of such employment and/or agency in performing the acts of omissions alleged herein. Each of the other defendants have ratified and accepted the benefits of the acts or omissions of each other defendant alleged herein.

7. Plaintiffs are informed and believe and upon such information and belief allege that the conduct hereinabove set forth was barred by the provisions of 11 U.S.C. Section 362.

**FIRST CLAIM FOR VIOLATION OF 11 U.S.C. Section 362 AUTOMATIC STAY**

8. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 7 as fully set forth herein.

9.  In violation of the Automatic Stay, imposed pursuant to 11 U.S.C. Section 362, defendants, and each of them, continued legal action against the debtor and employed judicial process in the state court action in an effort to harass plaintiff and recover against property of the estate during and in violation of the automatic stay.

10. The acts or omission set forth above constitute civil contempt of court and willful violations of 11 U.S.C. Section 362, the Automatic Stay, in that defendants had notice of the debtors' Chapter 7 bankruptcy filing and made calculated and deliberate decisions to ignore this fact, all according to proof.

11. Plaintiff has been injured by the defendants' willful violation of the Automatic Stay in that plaintiff has sustained damages and costs in responding to the defendant's state court action and have incurred and will incur costs and attorney's fees to remedy defendants' wrongful conduct plus incurring expenses in bringing this proceeding entitling plaintiff to recover actual damages, costs, attorney's fees and punitive damages pursuant to 11 U.S.C. Section 362 (k).

## SECOND CLAIM FOR DECLARATORY RELIEF

12. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 7 as fully set forth herein.

13. An actual controversy now exists between the plaintiff and defendants as to the effect and validity of this court's order of stay in that defendants claim there was no violation of the automatic stay.

14. Pursuant to 28 U.S.C Section 2201, plaintiffs seek a declaration that the actions of defendants in prosecuting his action in the state court action were in violation of the automatic stay and are therefore void and that said actions hereinabove set forth are legal nullities in that the said conduct constituted a violation of the automatic stay giving rise to plaintiffs' cause of action.

WHEREFORE, plaintiff prays for judgement against defendants as follows:

As to the First Claim for Relief:

(1) an order to show cause to be issued by this court causing said defendants to appear herein and show cause, if any it has, why they should not be held in contempt for violating the automatic stay;

(2) Actual damages according to proof;

(3) Punitive damages in the amount of $1,000,000.00 pursuant to 11 U.S.C. Section 362(k);

(4) Costs and attorney's fees pursuant to 11 U.S.C. 362(k);

(5) For such other relief as the court deems just and proper.

As to the Second Claim for Relief:

(1)   Pursuant to 28 U.S.C. Section 2201 and Bankruptcy Rule 7001, for a declaration that defendants' action to prosecute his state court complaint during the automatic stay are void, and that said action constituted a violation of the automatic stay;

(2) For such other relief as the court deems just and proper.

Dated: November 13, 2018                    LAW OFFICES OF DALE J. PARK

                                            By: _____
                                                Dale J. Park
                                                Attorneys for Plaintiff
                                                Elan Kim